### JOHNSON v. CROTTY et al.

(Common Pleas of New York City and County, General Term. April 3, 1893.)

1. ACTION FOR SERVICES—EVIDENCE.

In an action for services, where the question is whether plaintiff was employed directly by defendants or by one S. under an agreement between S. and defendants, it is not proper to ask plaintiff to state on cross-examination whether he relies on a direct agreement between him and defendants, since this calls merely for an expression of plaintiff's opinion as to the legal basis of his claim, and would not in any manner affect his rights.

2. SAME.

Evidence of defendants that they had stopped paying plaintiff's salary because of a breach by S. of the agreement between S. and defendants was immaterial.

Appeal from city court, general term.

Action by Robert V. Johnson against John S. Crotty and another. From a judgment affirming a judgment entered for plaintiff on report of a referee, defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Richards & Brown, (J. Tredwell Richards, of counsel,) for appellants.

John Delahunty, for respondent.

DALY, C. J. The action was for $500, balance due for services alleged to have been rendered to defendants at their request, as salesman, from October 1, 1887, to October 1, 1888, at the agreed compensation of $3,000, and for which they had paid only $2,500. The defense denied that the services were rendered to the defendants, or that they promised to pay therefor, and, while admitting that they paid the plaintiff $2,500, alleged that they did so at the request of one Charles H. Spencer, and for his account. The question of fact to be determined by the referee was whether the plaintiff was employed by Spencer or by defendants, and he found in plaintiff's favor. Prior to the dates above mentioned the defendants, who were manufacturers of corsets, and desirous of obtaining the services of the plaintiff as salesman for their goods, agreed with him upon the terms of such employment. Owing to the necessity, from their want of capital, of their making an arrangement for advances with

some house of means, they negotiated with the aforesaid Spencer for doing their business through his firm of Iselin, Neeser & Co., and agreed upon a commission to Iselin, Neeser & Co., who were to make them advances on goods sold or delivered ready for shipment, and they introduced the plaintiff to Spencer as the salesman whom they desired to make sales of their goods, and agreed to place in Spencer's hands, from time to time, enough money to pay his monthly salary of $250. Spencer was to get 3 per cent. from Iselin, Neeser & Co., and he agreed with defendants that if it yielded him 1½ per cent. net after paying expenses, he would annually hand such surplus to defendants towards paying plaintiff's salary. At the time that this agreement between Spencer and the defendants was made, Spencer drew up and handed to plaintiff the following letter:

"New York, October 5th, 1887.

"My dear Sir: Having now completed my arrangements with Iselin, Neeser & Co., as agreed between you and me, I desire to define our relations, so that there may be no misunderstanding. I understand that I engage your services to sell the corsets made by Crotty Bros., and such other corsets as may be added, if any, at a salary of three thousand dollars a year, to begin Oct. 1st, '87, and to be paid as wanted by you, through each month one-twelfth part. I also agree to pay your traveling expenses in so selling. Such arrangement to continue until Oct. 1st, '88. The matter of the woolen business you control will be made the subject of another agreement, to be arranged to your satisfaction, on exhibition of the sample, which I understand can be seen in a few days. Yours, respectfully,        Chas. H. Spencer.
    "R. V. Johnson, Esq."

On receipt of this letter the plaintiff went immediately to the defendant John S. Crotty, with whom he had made the arrangement for employment, and asked him what it was for,—whether he was his (Crotty's) employe or Spencer's. Defendant answered that the plaintiff was his employe, and was to receive the money from him, and the letter was only a mere matter of form; that Spencer was acting as defendant's agent in that respect. Plaintiff then said, "I will acknowledge it," and defendant replied, "If you like." Plaintiff then wrote to Spencer as follows:

"New York, Oct. 8th, 1887.

"Charles H. Spencer, Esq.—My dear Sir: Replying to your letter of Oct. 5th, containing the details of your proposed arrangement for the current year, I have to say that I accept its provisions as there detailed.
    "Yours, very truly,        R. V. Johnson."

It is upon these writings, which, upon their face, appear to constitute a contract between Spencer and the plaintiff for the services now sued for, that the defendants base their contention that the plaintiff was never in their service, but was the employe of Spencer. The referee, after hearing the testimony of Spencer, of the plaintiff, and of John S. Crotty, (who conducted all the negotiations for his firm, the defendants,) these three persons being the only witnesses, and after considering all the correspondence of the parties, has found, upon what appears to us to be entirely satisfactory evidence, that the above writings were in effect but matters of form on Spencer's part, and in no wise affected the agreement of employment, the terms of which had been fixed between the plaintiff and defendants before Spencer came into the negotiations, and pursuant

to which services of plaintiff were rendered directly to, and for the benefit of, defendants.    From the beginning of the services, defendants paid the plaintiff's salary directly, and gave him direct orders, and only refused to pay his last two months' salary upon the ground of the failure of Spencer to perform some part of his agreement with them, and not for any cause within the control of the plaintiff.    It is not necessary to go into a review of all the evidence in the case to point out upon what testimony or facts the referee might with justice have relied in sustaining the plaintiff's contention.    There is, of course, room for a difference of opinion in the case, based upon the letters of the plaintiff to the defendants, written in the course of the business, in which his attitude is that of representing Iselin, Neeser & Co., and not the defendants; also upon the circumstance that prior to this action he had brought suit against Spencer for the same claim, and demanded it.    But none of these circumstances were conclusive, and, after a perusal of the testimony, it is not possible to say that the preponderance of evidence is with the defendants.    On the contrary, the whole case is convincing that the plaintiff, selected by the defendants for the express purpose of selling their goods, and induced to leave his then employment with another firm in the same line of business in order to serve them, had no intention of becoming the employe of Spencer, (who was himself actually at that time an employe of Iselin, Neeser & Co.,) but that he accepted in good faith the explanation of defendants that Spencer acted as their agent in proposing the writing to which he assented.    And as to the conflict between the plaintiff and Mr. Crotty on the question as to whether the latter made any such representation, this must be decided according to the reliance we are inclined to place upon the recollection of the witnesses.    The probabilities are that the plaintiff, to whom such a written proposal was presented, would make some inquiry of the defendants before wholly abandoning his arrangement with them, and taking service under a third party, and that his memory as to what assurance was made him at that time would be more tenacious than defendants', to whom at that period the question must have seemed of less importance than it did to plaintiff, for defendants were bound, even by their arrangement with Spencer, to pay the plaintiff's salary in full, besides their commissions to Iselin, Neeser & Co., and whether they gave plaintiff verbal assurance that he was their salesman, and not Spencer's, might have seemed at that time a matter of no moment. We think, therefore, that the referee did not err in his conclusions, and that the judgment must be affirmed.

The only exceptions argued upon the brief are two in number. One is to the refusal to permit plaintiff to answer upon cross-examination the question whether he relied in this action upon a direct agreement between him and Mr. Crotty.    This question was improper, as calling for no fact, but the opinion of the witness as to the legal basis of his claim; as the appellant argues, "to press the witness upon that point, and ascertain whether he really made any serious claim upon a direct oral agreement, or whether he abandoned the pretense, and relied upon the Johnson-Spencer agreement and the Spencer-Crotty agreements to make out a case under Lawrence

v. Fox." It is also urged that it was important, in case an attempt should be made to rest the case upon the Johnson-Spencer agreement as an agreement with Spencer as the agent of the defendants; but the opinion of the witness as to whether he relied upon a direct agreement or not would not have affected the defendant's legal rights upon any such claim.

Error is charged in excluding the evidence of the defendant as to his reasons for stopping his payments of salary to the plaintiff. This was immaterial, because it was not intended to show any breach of agreement by plaintiff, but a breach of agreement between Spencer and the defendants. If plaintiff was the employe of Spencer, and not of defendants, it was not necessary to give any reason for stopping the payments. If he was the employe of defendants he was not affected by the defaults of Spencer. The findings and judgment having established that he was defendants' employe, the exclusion of the evidence worked them no harm.

The judgment must be affirmed, with costs. All concur.